# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:18-CR-00048-MOC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| MARK JEFFERSON BELTON, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on Defendant's pro se Motion for Compassionate Release. See Doc. No. 33. Defendant requests the Court to reduce his sentence based on the COVID-19 pandemic. See id. As explained below, Defendant's motion is denied at this time.

By its terms, 18 U.S.C. § 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." But before doing so, they must at least ask the Bureau of Prisons to do so on their behalf and give the Bureau thirty days to respond. See United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020). Here, Defendant has not shown that he exhausted available administrative remedies by first asking the Bureau to file a compassionate release request on his behalf. The Bureau shares this Court's "desire for a safe and healthy prison environment." Id. at 597. Given the Attorney General's directive that the Bureau "prioritize the use of [its] various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic," the Court is confident that the Bureau will speedily resolve Defendant's compassionate release request. Id. (quoting Memorandum from Attorney Gen. to Dir., Bureau of Prisons 1 (Mar. 26, 2020)). Because Defendant has failed to exhaust administrative remedies provided by the Bureau, the Court declines to exercise any discretion it may have to modify Defendant's term of

imprisonment at this time.  See, e.g., United States v. Vigna, No. 16-CR-786, 2020 WL 1900495, at *6 (S.D.N.Y. Apr. 17, 2020) (declining to address the exhaustion question and requiring a defendant to file a compassionate release request with the Bureau).  Defendant may refile his motion after exhausting available administrative remedies.

Additionally, Defendant's compassionate release request appears to be based solely upon the state of COVID-19 within the prison system, without any discussion of factors that place him in particular at an increased risk.  The Court is sympathetic regarding the conditions that Defendant and others are suffering during this pandemic.  "But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."  Raia, 954 F.3d at 597.  In Defendant chooses to file another motion, he should supply evidence showing that extraordinary circumstances compel releasing him in particular.  Such evidence should discuss his personal health, criminal history, disciplinary record in prison, and likely danger to the community if released.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release, Doc. No. 33, is **DENIED.**

Signed: June 3, 2020

Max O. Cogburn Jr
United States District Judge