# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:18-CR-00048-MOC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **MARK JEFFERSON BELTON,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendant's second pro se Motion for Compassionate Release. See Doc. No. 35. In his second filing, Defendant makes clear that he is requesting compassionate release based on COVID-19 and his preexisting conditions that may be exacerbated by COVID-19. But Defendant still has not indicated when or whether he asked the Bureau of Prisons to file a compassionate release request on his behalf. See Doc. No. 35.

As the Court explained, 18 U.S.C. § 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." But before doing so, they must at least ask the Bureau of Prisons to do so on their behalf and give the Bureau thirty days to respond. See United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020). Here, Defendant has not shown that he exhausted available administrative remedies by first asking the Bureau to file a compassionate release request on his behalf. The Bureau shares this Court's "desire for a safe and healthy prison environment." Id. at 597. Given the Attorney General's directive that the Bureau "prioritize the use of [its] various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic," the Court is confident that the Bureau will speedily resolve Defendant's compassionate release request. Id. (quoting Memorandum from Attorney Gen. to

Dir., Bureau of Prisons 1 (Mar. 26, 2020)). Because Defendant has failed to exhaust administrative remedies provided by the Bureau, the Court declines to exercise any discretion it may have to modify Defendant's term of imprisonment at this time. See, e.g., United States v. Vigna, No. 16-CR-786, 2020 WL 1900495, at *6 (S.D.N.Y. Apr. 17, 2020) (declining to address the exhaustion question and requiring a defendant to file a compassionate release request with the Bureau). Defendant may refile his motion after exhausting available administrative remedies.[1]

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's second pro se Motion for Compassionate Release, Doc. No. 35, is **DENIED.**

Signed: July 6, 2020

Max O. Cogburn Jr.
United States District Judge

---

[1] If Defendant chooses to refile his motion <u>after</u> exhausting available remedies, he should supply any supporting evidence that can offer, including evidence of his personal health criminal history, disciplinary record in prison, and likely danger to the community if released.