# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### DOCKET NO. 3:18-CR-00048-MOC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **vs.** ) | |
| ) | **ORDER** |
| **MARK JEFFERSON BELTON,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendant's third *pro se* Motion for Compassionate Release. See Doc. No. 37. Defendant seeks compassionate release based upon his increased risk of death or serious illness from COVID due to the conditions of his place of imprisonment, Doc. No. 33, and his preexisting health condition of hypertension, Doc. No. 35. Previously, the Court rejected Defendant's compassionate release motions for failing to exhaust administrative remedies. See Doc. Nos. 34, 36. Defendant indicates that he has now exhausted administrative remedies, so the Court will assume this is true for purposes of this Motion. See Doc. No. 37. Even so, the Court finds that compassionate release is not warranted at this time.

### I.   BACKGROUND

On November 19, 2018, Defendant pleaded guilty to one count of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). See Doc. No. 28 at 1. At sentencing, the Court adopted the presentence report prepared by the United States Probation Office, which documented the nature and circumstances of Defendant's offense, as well as his criminal history. See Doc. No. 31 at 1. As to the offense at hand, the report explained that undercover officers purchased 3.12 grams of cocaine base from Defendant. See Doc. No. 28 at 4. After the transaction, Defendant told the officers that he was in possession of a firearm and wanted

to know how much he could receive if he sold it.  Id.  Defendant removed the firearm from his waistband and gave it to the officers to inspect, ultimately deciding not to sell the firearm.  Id.  Defendant left with the firearm in his possession.  Id.  Later, Defendant called the agents and offered to sell them a shotgun.  See id.  He ultimately did so, receiving $70.  See id.

Defendant had an extensive criminal history prior to the instant offense.  Relevant here, in 2009, Defendant pleaded guilty to felony involuntary manslaughter for killing and slaying another individual.  See id. at 6.  In 2011, Defendant pleaded guilty to five counts of felony breaking and entering a motor vehicle, as well as one count of felony larceny.  See id. at 7.  Finally, Defendant was convicted in 2017 of possessing with intent to distribute cocaine.  See id. at 9.  Based on the foregoing, the Court determined that Defendant's Guideline range was between 60 months and life.  See Doc. No. 31 at 1.  On July 22, 2019, the Court imposed the mandatory minimum sentence of 60 months, which was also at the bottom of the Guidelines.  See Doc. No. 30 at 2.

## II.  ANALYSIS

By its terms, 18 U.S.C. § 3582(c)(1)(A) permits the Court to reduce a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission."  As relevant here, the applicable policy statement provides that the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the Court determines that" (1) "extraordinary and compelling reasons warrant the reduction," (2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," and (3) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13; see United States v. Chambliss, 948 F.3d 691, 693 (5th Cir. 2020).

In deciding whether to grant Defendant's compassionate release request, the Court

1

considered the state of the COVID-19 pandemic—both generally and within Defendant's place of imprisonment—as well as Defendant's criminal history, disciplinary record while imprisoned, age, and medical conditions. The Court will assume Defendant's risk of serious illness or death from COVID-19 due to prison conditions and his hypertension can provide "extraordinary and compelling reasons" warranting a sentence reduction. Nevertheless, on balance, the weight of the evidence and the § 3553(a) factors counsel against release at this time. Specifically, based on Defendant's criminal history and the instant offense, the Court finds that his early release does not ensure the safety of the community. The Court also finds that Defendant's premature release would fail to accomplish the objectives identified at sentencing, namely: reflecting the seriousness of the offense, affording adequate deterrence, protecting the public, avoiding unwarranted sentencing disparities among defendants, and providing necessary educational and vocational opportunities through the Bureau. See Doc. No. 31 at 2. Thus, Defendant's motion is denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's *pro se* Motion for Compassionate Release, Doc. No. 37, is **DENIED**.

Signed: August 17, 2020

Max O. Cogburn Jr.
United States District Judge